UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| GENERAL PARKER, | ) |  |
|---|---|---|
| Plaintiff, | ) |  |
| v. | ) | No. 4:05CV00281 TIA |
| SHEILA WHIRLEY, et al., | ) |  |
| Defendants. | ) |  |

## ORDER AND MEMORANDUM

This matter is before the Court upon the application of General Parker for leave to commence this action without payment of the required filing fee. The Court finds that the applicant does not have sufficient funds to pay the entire filing fee and, therefore, plaintiff will be granted leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

### 28 U.S.C. § 1915(e)

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court may dismiss a complaint filed in forma pauperis at any time if the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. An action is frivolous if "it lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief may be granted if it appears beyond reasonable doubt that the plaintiff can prove no set of

facts in support of his claim which would entitle him to relief. Conley v. Gibson, 355 U.S. 41, 45-46 (1957); Jackson Sawmill Co. v. United States, 580 F.2d 302, 306 (8th Cir. 1978), cert. denied, 439 U.S. 1070 (1979).

In reviewing a pro se complaint under § 1915(e)(2)(B), the Court must give the complaint the benefit of a liberal construction. Haines v. Kerner, 404 U.S. 519, 520 (1972). The Court must also weigh all factual allegations in favor of the plaintiff, unless the facts alleged are clearly baseless. Denton v. Hernandez, 112 S. Ct. 1728, 1733 (1992); Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

**The complaint**

Plaintiff seeks damages and other relief pursuant to 42 U.S.C. § 1983 for alleged violations of his constitutional rights. Named as defendants are Sheila Whirley, Judge John Essner, Officer David Porter, Shevon Harris, Brian Dunlop, Jeffrey Medler, Mia Brodie, and Nancy Emmel. Although not named as a defendant in the caption of the complaint as required by Rule 10(a) of the Federal Rules of Civil Procedure, it appears plaintiff seeks relief against Edwin Butler as well.

Liberally construing the complaint, it appears that plaintiff's claims revolve around two separate, but possibly related, events: (1) the filing of unspecified criminal charges against him and (2) a divorce and child custody action that was

-2-

decided by the Circuit Court for St. Louis County, Missouri.

With regard to the criminal charges, plaintiff asserts that defendant Porter called him in April 2003 and "threatened" him. Plaintiff further alleges that defendant Porter filed two false police reports against him that caused him to be arrested. It appears that the criminal case was prosecuted by defendant Whirley. Plaintiff contends that defendant Whirley "is aware" that plaintiff's ex-wife gave "perjured testimony and has evidence from [his] ex-wife that proves Officer Porter lied," but continued to prosecute the criminal charges anyway. It is unclear how - or even whether - the criminal charges against plaintiff have been resolved.

With regard to the divorce and child custody proceedings, plaintiff states that Judge Essner "allowed [defendant Whitley] to threaten [him] if [he] testified against [his] ex[-wife]" at a "child order of protection hearing" held on March 29, 2004. Plaintiff asserts that Judge Essner had ex parte communications with his ex-wife on July 8, 2004. Additionally, plaintiff alleges that Judge Essner "finally rendered an order & final judgment in [his] divorce which to [sic] nothing but retalliation [sic] and vindictive [sic] for [plaintiff] filing a complaint against [Judge Essner] with the judges [sic] commission." Plaintiff states that "they have been holding [his] son over [his] head" and that Judge Essner "finally took him from me without justification."

Finally, plaintiff asserts that "Judge Essner has allowed [his] wife along with Brian Dunlop and Shevon Harris to break Missouri [law] and she [sic] abducted [his] son and ran to Iowa in an effort to deprive [plaintiff] of [his] custody rights."

**Discussion**

**1. Criminal charges**.

Plaintiff's claim that defendant Porter filed false information against him leading to his arrest survives review under 28 U.S.C. § 1915(e)(2)(B) and should not be dismissed at this time. Therefore, the Court will direct that process issue as to defendant Porter.

Plaintiff's claim that Whitley knowingly allowed defendant Porter and his ex-wife to give false or perjured testimony in connection with plaintiff's criminal case, however, must be dismissed. Prosecutors are absolutely immune from liability for damages under 42 U.S.C. § 1983 for actions taken in initiating criminal prosecution and presenting the state case. Imbler v. Pachtman, 424 U.S. 409, 431-32 (1976); White v. Bloom, 621 F.2d 276, 280 (8th Cir. 1981) (same holding in suit brought under §§ 1983 and 1985); see also Myers v. Morris, 810 F.2d 1437, 1446 (8th Cir. 1987) (allegations that prosecutor presented false testimony or withheld evidence do not defeat immunity).

**2. Divorce and child custody.**

Plaintiff's claims against Judge Essner should be dismissed pursuant § 1915(e)(2)(B) because Judge Essner is absolutely immune from a § 1983 suit for damages for actions taken in his judicial capacity. Stump v. Sparkman, 435 U.S. 349, 356-57 (1978).

Plaintiff's claims against defendants Harris, Medler, and Dunlop should also be dismissed. While a § 1983 action can be brought against private persons who act in concert with state officials to deprive and individual of federally protected rights, the facts alleged with respect to the conspiracy must be specific. White v. Walsh, 649 F. 2d 560, 561 (8th Cir. 1981); see also Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). Plaintiff has made only conclusory allegations that these defendants conspired with state actors, which are not specific enough to state a conspiracy claim. Because these defendants do not appear to be state actors, plaintiff's claims against them should be dismissed.

Plaintiff's claims against defendants Brodie, Emmel and Butler should be dismissed because there are no allegations concerning these defendants at all. See Madewell v. Roberts, 909 F.2d 1203, 1208 (8th Cir. 1990) (liability under § 1983 requires a causal link to, and direct responsibility for, the alleged deprivation of rights); see also Martin v. Sargent, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved

in or directly responsible for incidents that injured plaintiff).

Liberally construing the complaint as being brought under 28 U.S.C. § 1332, the action should be dismissed, without prejudice, for lack of subject matter jurisdiction. Although the amount in controversy exceeds $75,000 and there appears to be diversity of citizenship, the domestic relations exception precludes the exercise of federal jurisdiction. Cf. Kahn v. Kahn, 21 F.3d 859 (8th Cir. 1994).

Pursuant to the "domestic relations exception," federal courts are divested of jurisdiction over any action in which the subject is divorce, the allowance of alimony, or child custody. See id. at 861. In addition, when a cause of action closely relates to, but does not precisely fit into the contours of an action for divorce, alimony, or child custody, federal courts generally will abstain from exercising jurisdiction. Id. Plaintiff's claims are either directly related to or are so interwoven with the state divorce and child custody proceedings that subject matter jurisdiction does not lie with this Court. Plaintiff has given no indication that his claims cannot receive a full and fair determination in state court, and it would appear that the state courts, where the custody proceedings were held, would be better equipped to handle the child custody issues raised by plaintiff.

In accordance with the foregoing,

**IT IS HEREBY ORDERED** that plaintiff's motion to proceed in forma pauperis [Doc. #1] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk receive and file the complaint in this action without prepayment of the required filing fee. See 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Clerk shall issue process or cause process to issue upon the complaint to defendant Officer David Porter.

**IT IS FURTHER ORDERED** that the Clerk shall not issue process or cause process to issue upon the complaint to defendants Sheila Whirley, Judge John Essner, Shevon Harris, Brian Dunlop, Jeffrey Medler, Mia Brodie, Nancy Emmel, or Edwin Butler because the complaint fails to state a claim against these defendants. See 28 U.S.C. § 1915(e)(2)(B).

An appropriate order shall accompany this order and memorandum.

So Ordered this 18th Day of May, 2005.

_____
**E. RICHARD WEBBER**
**UNITED STATES DISTRICT JUDGE**