UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| GENERAL PARKER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:05-cv-281 SNL |
| ) | |
| OFFICER DAVID PORTER, ) | |
| ) | |
| Defendant. ) | |

## ORDER

Plaintiff General Parker filed a Complaint against nine Defendants, alleging that they conspired to deprive Parker of his constitutional rights to due process, equal protection under the law, speedy trial, and effective and competent counsel. Parker alleges that these parties either engaged in judicial and prosecutorial misconduct or were accessories after the fact to these violations. Parker maintains that these violations were accomplished through the use of extortion, and were committed because he was a black male. This Court dismissed the charges against eight of the Defendants for failure to state a claim. Only one Defendant remains, Officer David Porter. This is before the Court on Defendant's Motion to Dismiss (#9), filed June 27, 2005. Responsive pleadings have not been filed.

Parker alleges that Officer Porter made a threatening phone call and filed two false police reports. These police reports caused Parker to be arrested. Parker also claims that his ex-wife committed perjury, but that she has evidence proving Parker's claims. Parker has not submitted this evidence. Parker was recently divorced and his son was removed from his custody. He complains

that a judge allowed his ex-wife to abduct his son, and they have since moved to Iowa. Parker contacted the Illinois and Missouri Departments of Children and Family Services, but they would not believe his claims because he was African-American. To remedy these violations, Parker requests $25,000 in damages.

In passing on a motion to dismiss, a court must view the facts alleged in the complaint in the light most favorable to the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957); *Toombs v. Bell*, 798 F.2d 297, 298 (8th Cir. 1986). The court should not grant a motion to dismiss merely because the claim does not state with precision every element of the offense necessary for recovery. 5 Wright & Miller, Federal Practice and Procedure: Civil, Sec. 1216 at 120 (1969). A claim is sufficient if it contains "allegations from which an inference can be drawn that evidence on these material points will be introduced at trial." *Id.* at 122-123. Moreover, a court should not dismiss a claim unless it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley*, 355 U.S. at 45-46. The Court must view the complaint the light most favorable to the defendant and should not dismiss it merely because the Court doubts that the defendant will be able to prove all of the necessary allegations. *Bennett v. Berg*, 685 F.2d. 1053, 1058 (8th Cir. 1982). Thus, a motion to dismiss is likely to be granted "only in the unusual case in which a plaintiff includes allegations that show on the face of the complaint that there is some insuperable bar to relief." *Fusco v. Xerox Corp.*, 676 F.2d 332, 334 (8th Cir. 1982).

Parker has not stated a claim upon which relief can be granted. Although the Court construes his claim liberally, the complaint is simply an array wild allegations. "At the very least ... the

2

complaint must contain facts which state a claim as a matter of law and must not be conclusory." *Frey v. City of Herculaneum*, 44 F.3d 667, 671 (8th Cir. 1995). In his complaint, Porter alleges that Officer Parker threatened him and filed a false police report that resulted in arrest. These are conclusory statements without substance. This complaint cannot withstand a motion to dismiss.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant's Motion to Dismiss (#9) is **GRANTED**. Plaintiff's Complaint is **DISMISSED** with prejudice.

Dated this 6th day of February, 2006.

_____
SENIOR UNITED STATES DISTRICT JUDGE